W. SHARP, Judge.
Summers appeals from the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he sought to collaterally attack his conviction for second degree murder. He filed his motion on April 3, 1997, and the trial court denied it on April 7, 1997. The trial court thought it lacked jurisdiction to consider the motion because Summers had appealed the criminal conviction and the appeal was still pending. We reverse.
On March 20, 1997, in an unpublished order, this court dismissed Summer’s criminal appeal in response to the public defender’s Notice of Voluntary Dismissal filed on March 18, 1997. Summers v. State, No. 96-3616 (Fla. 5th DCA Mar. 20, 1997). No mandate was issued, but a notice of the dismissal was mailed to the trial court on April 7, 1997, by coincidence, the same day it dismissed Summer’s 3.850 motion. Unlike E-Mail or facsimile, the U.S. mail is not nearly instantaneous, although it is the mode we rely upon to communicate on official business. Thus, through no fault of its own, the trial court was not aware of the dismissal of the appeal before it ruled.
Since the criminal appeal was dismissed on March 20, 1997, the trial judge had jurisdiction to consider Summer’s 3.850 motion on the merits at the time Summers filed the motion on April 3,1997, as well as at the time the trial court dismissed the motion on April 7, 1997. Accordingly, we reverse and remand so that the trial court can address Summer’s 3.850 claims on the merits. See, e.g., Reed v. State, 610 So.2d 736 (Fla. 2d DCA 1993).
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.